**No. 48982.**—Protests 702798–G, etc., of Edward E. Ziskind (New York).

Opinion by TILSON, J.   The record showed that certain items consist of harvest hats similar to those involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664), which record was admitted herein.   In accordance therewith the claim at only 25 percent under paragraph 1504 (b) (5) was sustained.

**No. 48983.**—Protests 802082–G (A), etc., of Caradine Hat Co. et al. (San Francisco).

Opinion by TILSON, J.   It was stipulated that certain items consist of harvest hats similar to those involved in *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664), which record was admitted in evidence herein.   In accordance therewith the claim at only 25 percent under paragraph 1504 (b) (5) was sustained.

**No. 48984.**—Petition 6164–R of Scharf Bros. Co., Inc. (New York).

Opinion by TILSON, J.   It appeared from the record that there was an honest difference of opinion between the petitioner and appraiser as to the correct value of the imported merchandise.   There being no intention shown to defraud the revenue of the United States or to conceal or misrepresent the facts, the petition was granted.

BEFORE THE THIRD DIVISION, NOVEMBER 24, 1943

**No. 48985.**—Petition 6289–R of F. Giesler (Nogales).

Opinion by CLINE, J.   It was conceded at the trial that the wheat bran in question was purchased by the importer at 65 pesos per metric ton, that because of information received from the appraiser entry was made at 70 pesos, and that it was eventually appraised at 76 pesos.   In accordance with stipulation of counsel that the Government had no information indicating that the petitioner withheld any information from the appraiser when the entry was made, the petition was granted.

**No. 48986.**—Petition 6313–R of Balfour, Guthrie & Co., Ltd. (San Francisco).

Opinion by CLINE, J.   The testimony of the customs broker who made the entry showed that there was a dispute between the importer and appraiser as to the value of the merchandise and a test case was made up.   From the record it was found there was no intention on the part of the importer to misrepresent the facts or to defraud the revenue of the United States.   The petition was therefore granted.